# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| MONDRA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:11-CV-176 JVB |
| v. | ) | |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On January 31, 2011, Mondra Brown, a prisoner at the Miami Correctional Facility, was found guilty of consuming unauthorized intoxicants. Brown, a *pro se* prisoner, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 attempting to challenge his prison disciplinary hearing at the Miami Correctional Facility. At that hearing, the Disciplinary Hearing Body (DHB) found him guilty of consuming unauthorized intoxicants in violation of B-231 and sanctioned him with six months of lost contact visits, change of assigned work, thirty days of commissary restriction, and thirty days of phone restriction. In addition, the DHB also imposed a suspended sentence of ninety days in administrative segregation, reduction from credit class one to two, and fifteen days of earned credit time. Brown claims that both the officer who initially detained him and the DHB failed to follow prison policy.

A prison disciplinary action can only be challenged in a habeas corpus proceeding where it results in the lengthening of the duration of confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). Here, the suspended sentence was not imposed, and so the disciplinary action has not increased his duration of confinement. Because there was no increase in the length of confinement, Brown cannot receive relief based on this habeas corpus claim. Furthermore, although prison policy may not have been followed in Brown's case, "[i]n conducting habeas review, a federal court is

limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

"State prisoners who want to raise a constitutional challenge to any other decision, such as . . . administrative segregation . . . or suspension of privileges, must instead employ § 1983 or another statute authorizing damages or injunctions —when the decision may be challenged at all, which under *Sandin v. Conner* will be uncommon." *Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir. 2000) (citations omitted). Thus, if Brown wants to challenge these disciplinary actions further, he will be required to file a 42 U.S.C. § 1983 Complaint.

Pursuant to *Glaus v. Anderson*, 408 F.3d 382, 390 (7th Cir. 2005), Brown is notified that even though he will be sent a 42 U.S.C. § 1983 Prisoner Complaint packet, the court expresses no opinion as to the merits or wisdom of filing such a case. Furthermore, he is cautioned that if he does so, he will have to pay the filing fee for such a case either in advance or over time and, if the case is found to be meritless, he may incur a "strike" pursuant to 28 U.S.C. § 1915(g).

For the reasons set forth above, the petition is **DENIED** pursuant to § 2254 Habeas Corpus Rule 4 and the clerk is **DIRECTED** to send Mondra Brown a 42 U.S.C. § 1983 Prisoner Complaint packet.

SO ORDERED on June 14, 2011.

    s/Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division